J. J. GAVIN & CO., INC. (SALOMON & PHILLIPS) *v.* UNITED STATES

No. 7790.—

Entry No. 737108, etc.

Second Division, Appellate Term

(Decided February 3, 1950)

*Lane & Wallace* (*William H. Fox* of counsel) for the appellant.
*David N. Edelstein*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the appellee.

Before LAWRENCE, RAO, and FORD, Judges; RAO, J., not participating

LAWRENCE, Judge: This is an application for review of the decision and judgment of the trial court wherein it was held that the proper dutiable foreign values of the importations of saddle soap covered by appeals for reappraisement enumerated in schedule "A," attached to and made part of our decision herein, were the entered unit values, less 2½ per centum trade discount, less 2½ per centum cash discount, cases and packing extra.

Appellant contends that the proper foreign values for this merchandise are the entered unit values, less 2½ per centum cash discount, less 17½ per centum or 10 per centum trade discount, plus cases and packing.

The only question that appears to be presented here is whether or not the trade discount should be 2½ per centum, as found by the trial court, or 10 per centum or 17½ per centum, as contended by appellant. At the trial, the parties agreed that the proper basis for the determination of the value of the saddle soap was foreign value, section 402 (c), Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1402 (c)).

Since the only question before us for determination is the percentage of the trade discount to be allowed in arriving at the dutiable foreign value of the importations, all other elements necessary to a determination of foreign value are implicit in the findings of the appraiser, which are presumptively correct. Citing *United States* v. *Fritzsche Bros., Inc.*, 35 C. C. P. A. (Customs) 60, C. A. D. 371.

The entire record, which consists principally of two affidavits offered on behalf of appellant and four letters offered on behalf of appellee, has had our careful consideration.

In the affidavit, marked collective exhibit 1, affiant states:

That he is thoroughly familiar with the ordinary course of trade in England as it is conducted by manufacturers and dealers in products such as, and similar to

the products manufactured and dealt in by Propert, Ltd. for home consumption and export to the United States.

That it is the universal practice of such manufacturers and dealers to allow trade discounts based on the money value of individual purchases covering one or more items offered for sale, and that such practice is in the ordinary course of trade in the said industry.

That such practice has been in effect for over 50 years up to and including the date hereof by the said manufacturers and dealers.

That in accordance with such practice, all buyers are given the privilege of including in their purchases any items offered for sale, to make up the total money value of the purchase on which trade discounts are allowed.

Attached to said collective exhibit 1 and marked exhibit D is a summary of sales by Propert, Ltd., for home consumption during the period of time here involved, showing the trade discounts allowed, the number of sales under each discount, and the money value of the merchandise sold with the benefit of the discount deductions. The grand total of the summary of sales as shown in said exhibit D is as follows:

| Discount | Value | No. of Orders |
|---|---|---|
| 17½% | £18931. 14. 10d | 1,003 |
| 15% | 505. 7. 11d | 76 |
| 12½% | 670. 18. 9d | 200 |
| 10% | £4997. 19. 2d | 628 |
| 5% | 477. 13. 3d | 182 |
| 2½% | 183. 17. 0d | 194 |
| Nett | 2721. 19. 11d | 272 |

It is the contention of appellant that the percentage of trade discount allowed on each sale depends not upon the quantity of merchandise purchased but solely upon the total money value of merchandise the subject of the sale, whether the sale be of saddle soap alone, or whether it be made up of saddle soap and various other unrelated items of merchandise sold by the exporter. It might be said here that since this appeal is limited to saddle soap, the question of what discounts, trade or otherwise, are allowed on other items of merchandise sold by this exporter, is not properly before us for consideration. The contention of appellant that the percentage of trade discount allowed on each sale depends solely upon the total money value of the merchandise the subject of the sale, if such contention were sound, would eliminate from consideration the question whether these various trade discounts were allowed only upon usual wholesale quantities. Discounts, trade or otherwise, are to be considered in determining the proper dutiable value of merchandise only when such discounts are made applicable to merchandise when sold in usual wholesale quantities, and not otherwise.

We deem as untenable the contention of appellant that the wholesale quantity, and consequently the usual wholesale quantity, should

be expressed in terms of total money value of the individual sales, rather than in terms of the quantity of units of merchandise involved in each sale, and that in finding a value for this merchandise we should use the total money value of the individual sales as a yardstick, rather than the quantity of the merchandise.

Section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1402 (c)), in defining what constitutes foreign value, employs the words "in the usual wholesale quantities." Appellant has not cited any authority holding that these words are to be considered as referring to the total money value of the individual sales rather than to the unit of quantity of merchandise involved in said sales, and the authorities are numerous in which these words have been held to refer only to the unit of quantity of merchandise involved in individual sales. There appears to be no sound reason why, at this date, we should construe these words as referring to the total money value of the individual sales rather than follow the long line of decisions holding that they refer to actual quantities.

Since all the evidence introduced and all the arguments made by appellant are based upon the contention that the total money value of the sales rather than the unit quantity of merchandise contained in the sales should be used as a basis for finding a usual wholesale quantity, and ultimately for finding the proper value of the merchandise, and since we have expressed our disapproval of this contention, there would appear to be nothing more before us requiring consideration.

Upon a careful review of the entire record, we concur in the judgment of the trial judge.

On the record, therefore, we find as facts:

1. That the merchandise, the value of which is here involved, consists of saddle soap exported from England and entered at the port of New York.

2. That the merchandise covered by appeal No. 144617–A was entered at certain *per se* values, less discounts of 17½ and 2½ per centum, plus cases and packing, and was appraised at the *per se* values, less 2½ per centum discount, plus cases and packing.

3. That the merchandise covered by the other three appeals was entered under duress because of advances made by the appraiser in the above-referred-to appeal No. 144617–A, and was appraised as entered.

4. That all purchasers are entitled to and do receive a minimum trade discount of 2½ per centum and a cash discount of 2½ per centum from the entered unit price, plus cases and packing.

5. That foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative

Act of 1938 (19 U. S. C. § 1402 (c)), is the proper basis for determining the value of the merchandise involved herein.

As matter of law, we conclude:

1. That we must reject *in toto* the contention of appellant that the total money value of the individual sales rather than the unit quantity of merchandise contained in the individual sales should be used as a basis in finding the proper value of the merchandise.

2. That in finding the proper value of the saddle soap, we are limited to a consideration of sales of saddle soap only, and are not permitted to consider also the sales of other unrelated items of merchandise made by the exporter herein.

3. That the proper dutiable foreign market value of the saddle soap here involved, as that value is defined in section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1402 (c)), is as set out in finding of fact No. 4, *supra*.

4. Since we are in agreement with the conclusion reached by the trial court, its judgment is hereby affirmed.

Judgment will be entered accordingly.